IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DONALD WINNETT,
ADC #139544                                                                                          PLAINTIFF

2:08CV00199JMM/HLJ

DR. EDWARDS, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

1

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

This matter is before the Court on the motion for summary judgment filed by defendants Williams, LeBlong, and Green (DE #96).[1]  Plaintiff has filed a response in opposition to the motion (DE #100).

Plaintiff is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC).  He filed this action against defendants pursuant to 42 U.S.C. § 1983, alleging defendants improperly assigned him to the Maximum Security area of his Unit, and violated his First Amendment right by accessing his legal mail, in the Fall of 2008.  Plaintiff asks for monetary relief from defendants.

### II.  Summary Judgment Motion

A. Defendants' Motion (DE #96)

In support of their motion, defendants state plaintiffs' complaint against them should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Specifically, defendants state plaintiff has not completely exhausted a grievance related to any of the issues raised in his complaint.  In support, defendants

---

[1] Defendants Edwards, Bell, and Hughes were previously dismissed from plaintiff's complaint (DE ##10, 46, 71).

attach the ADC Grievance Policy, AD 07-03, which requires that an inmate complete an informal grievance within fifteen days of the incident, a formal grievance within three days of the attempt to resolve the grievance informally, and an appeal to the Chief Deputy/Deputy/Assistant Director (DE #96, Ex. K). In addition, defendants present the affidavit of the Inmate Grievance Supervisor, Tiffanye Compton, who states plaintiff did not exhaust any grievances concerning the issues raised in his complaint. DE #96, Ex. J.

In addition to the exhaustion defense, defendants also state plaintiff's complaint should be dismissed because he does not have a due process right to be housed in a particular barracks or Unit of his choice, because his placement in the Maximum Security area of his Unit on two occasions was not an atypical or significant hardship in violation of <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995), and because his legal mail was not improperly accessed by ADC officials. Defendants state that the legal mail - a DVD relating to another lawsuit - was delivered to plaintiff, unopened, and accessed by them only after plaintiff took the DVD to an ADC employee for assistance in viewing it. When security staff attempted to view the DVD, it was found inoperable and returned to the sender. Plaintiff later received an operable DVD and was permitted to view it. <u>See</u> DE #96, Ex. O. Finally, defendants state plaintiff has suffered no physical injury, and can not recover solely for emotional distress.

B. <u>Plaintiff's Response (DE #100)</u>

In his response, plaintiff does not address either the exhaustion issue raised by defendants or the due process claim related to his placement in the Maximum Security area of his Unit. Rather, plaintiff maintains defendants improperly took his legal mail and improperly tried to access the information on the DVD. Plaintiff states this caused him much anguish and distress.

C. <u>Standard of Review</u>

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, 121 S.CT. 1819, 1825 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"  In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language

4

of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." Finally, in <u>Jones v. Bock</u>, 549 U.S.199, 218 (2007), the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." The Court in <u>Jones</u> also held that an inmate's exhaustion of some, but not all claims, does not warrant dismissal of the entire action.

D.  <u>Analysis</u>

In this particular case, the Court finds no dispute that plaintiff failed to exhaust his administrative remedies with respect to the issues raised in his complaint. Although it appears that plaintiff did file an informal resolution concerning these issues (DE #96, Ex. L), there is no proof that he ever filed a formal grievance or subsequent appeal with respect to either issue, as required by the ADC grievance procedure. Plaintiff offers no explanation regarding his failure to exhaust his administrative remedies, and no proof to rebut the affidavit of Tiffanye Compton stating his failure to exhaust. Therefore, the Court finds plaintiff's complaint against defendants should be dismissed for failure to exhaust his administrative remedies, as required by the PLRA. Accordingly,

IT IS, THEREFORE, ORDERED that the motion for summary judgment filed by defendants Williams, LeBlong, and Green  (DE #96) is GRANTED, and plaintiff's complaint against defendants is DISMISSED.

IT IS SO ORDERED this 2nd day of December, 2009.

_____
United States Magistrate Judge